Peaeso^c, G. J.
 

 ITis Honor was of opinion, that, assuming the conveyance, from Davis to the defendant, to be fraudulent as to creditors, and that the fraud was not purged by the conveyance from the defendant to Murchison, in trust, to pay a
 
 bona fide
 
 debt due to Testal, and, assuming further, that Murchison sold and conveyed the land to Jeremiah Osborne for a valuable consideration, which was satisfied by the note of Jeremiah Osborne,, given and accepted by Yestal in dis
 
 *130
 
 charge of the debt of Davis to Yestal, in respect to which, the deed of trust had been executed, so that Jeremiah Osborne had acquired the title as a
 
 Iona fide
 
 purchaser for valuable consideration, without notice of the fraud between Davis and the defendant; yet, if Jeremiah Osborne,
 
 afterwards,
 
 and before he paid the note given by him to Yestal, received notice of the alleged fraud, his title was, by the force of such notice made void and of no effect; and the plaintiff was entitled to recover.
 

 In this opinion we do not concur Without discussing the subject generally, a particular view will be sufficient. In order to give to the fact of notice, any effect, either at law, or in equity, it is necessary that it should be received in time to enable the party to avail himself of it. After a purchaser has paid the price, and taken a conveyance, it comes too late. In our case both acts had been done; Jeremiah Osborne’s note had been given and accepted in discharge of the debt secured by the trust, and when he received notice of the fraud, he had no more ground, or moans by reason thereof, for resisting the collection of the note by Yestal, than he would have had for recovering the money back if it had been paid.
 

 It is unnecessary to notice the other points.
 

 Pbb CüRIAm, Judgment reversed, and a
 
 venire de novo.